**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-cr-00014-HAB-SLC |
| | ) | |
| **KENNETH SCHAMBERS** | ) | |

## OPINION AND ORDER

This matter is before the Court on a motion requesting a Court order to allow Defendant Kenneth Schambers, who is incarcerated at the Allen County Jail, to marry Laura Schambers. (ECF 78). The Government filed a response objecting to the motion. (ECF 80). Defendant did not file a reply brief to the Government's objection. For the reasons stated below, the motion will be GRANTED.

*Background*

Defendant is incarcerated at the Allen County Jail pending the resolution of a petition for his supervised release revocation. (ECF 61, 73, 74). Defendant represents that he is engaged to be married to Ms. Schambers, and the Allen County Jail does not permit marriage ceremonies to occur unless by Court order. (ECF 78 at 1). Thus, Defendant requests that the Court order the Allen County Jail to allow him to marry Ms. Schambers.

The Government objects to the motion, arguing that allowing Defendant to marry before the final hearing on his supervised release revocation would create the possible application of a testimonial privilege on basis of marriage. (ECF 80 at 2 (citing *United States v. Lofton*, 957 F.2d 476, 477 (7th Cir. 1992))). The Government explains that among other violations listed in the Petition for Warrant for Offender Under Supervision, the probation officer indicates that Defendant was charged with Domestic Battery in Noble County Superior Court, which involved

an alleged assault perpetrated by Defendant against Ms. Schambers.[1] (ECF 61, 80 at 2). The Government does not object to the marriage ceremony happening at some point, just not before the final hearing on the supervised release revocation. (ECF 80 at 1).

*Analysis*

"Marriage is of course an important fundamental right." *United States v. Rodriguez*, No. 1:06-CR-60-TS, 2007 WL 9701408, at *2 (N.D. Ind. Dec. 20, 2007) (citing *Loving v. Virginia*, 388 U.S. 1, 12 (1967)). Convicted inmates and pretrial detainees both enjoy that right. *See Turner v. Safley*, 482 U.S. 78, 96 (1987). The Supreme Court has provided the following standard in determining the constitutionality of regulations that prohibit inmates from marrying: "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id*. at 89; *see also Rodriguez*, 2007 WL 9701408, at *2 (citation omitted).

In past cases, this Court has addressed the same issues raised by the parties here. *See Rodriguez*, 2007 WL 9701408; *United States* v. *Norris*, No. 1:07-CR-77, 2007 WL 4335459 (N.D. Ind. Dec. 7, 2007). The Court noted in those cases that "[t]he marriage ceremony may very well make the Government's case more difficult to prove." *Rodriguez*, 2007 WL 9701408, at *3; *see also Norris*, 2007 WL 4335459, at *3. But the Court further considered that "the same would be true if the Defendant were charged with a crime but not detained while awaiting trial. Just as the Government could not interfere with the marriage in those circumstances, the Government cannot interfere with the marriage in the actual circumstances of this case." *Rodriguez*, 2007 WL 9701408, at *3; *see also Norris*, 2007 WL 4335459, at *3. "Put simply, the only reason the Government finds itself in a position to object to Defendant's marriage is

---

[1] Apparently, Ms. Schambers was also charged with Domestic Battery for an alleged assault against Defendant. (ECF 80 at 2 n.2).

Defendant's confinement, and the reasons for denying his permission to marry must therefore be related to the purposes of his confinement." *United States v. Bailey*, No. 1:09-CR -176, 2010 WL 711819, at *1 (E.D. Tenn. Feb. 23, 2010) (citation omitted).

Nor is it enough that the Government asserts that it is merely requesting the Court delay the timing of the marriage ceremony, as opposed to preventing it altogether. "Forcing the Defendant to delay the marriage burdens the right to marry." *Rodriguez*, 2007 WL 9701408, at *3; *see also Norris*, 2007 WL 4335459, at *3. The Government may only burden this right if doing so relates to a legitimate penological interest, specifically, the safety, security, and efficient management of the jail. *Turner*, 482 U.S. at 89; *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005) (citation omitted); *Rodriguez*, 2007 WL 9701408, at *2-3; *Norris*, 2007 WL 4335459, at *2-3. The Government has not established that preventing or delaying Defendant's marriage would accomplish these goals.

Defendant has carried his burden of demonstrating that denying his motion would likely violate his constitutional right to marriage. The burden shifts to the Government to provide some reason related to a penological interest for why the Court should deny the motion.[2] *Rodriguez*, 2007 WL 9701408, at *3; *Norris*, 2007 WL 4335459, at *3. "The Government's concern that the Defendant's request will result in a key witness invoking the adverse spousal testimonial privilege is not enough. Accordingly, the Court must grant the motion." *Rodriguez*, 2007 WL 9701408, at *3; *see also Norris*, 2007 WL 4335459, at *3.

### C. ORDER AND CONCLUSION

For the reasons discussed above, the Court GRANTS Defendant's motion. (ECF 78).

---

[2] Nor does the Government suggest that the Court should alter the test it has applied to these motions, requiring the Government to show only "a legitimate and non-punitive governmental goal," rather than a penological interest. *See United States v. Bowen*, No. 14-00346-01-CR-W-DGK, 2015 WL 1893416, at *10 (W.D. Mo. Apr. 24, 2015); *see also United States v. Heard*, No. 17-cr-0083-LRR, 2018 WL 9439686, at *2 (N.D. Iowa Feb. 20, 2018).

The Court REQUESTS that the United States Marshals Service, the Clerk of the Allen County Circuit Court, and the Allen County Jail cooperate in effectuating this request in accordance with their rules, procedures, and practices.

SO ORDERED.

Entered this 21st day of January 2020.

      /s/ Susan Collins
      Susan Collins
      United States Magistrate Judge